a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ARAFAT AHMED #A220-483-420,<br>Petitioner | CIVIL DOCKET NO. 1:24-CV-01110<br>SEC P |
| VERSUS | JUDGE EDWARDS |
| WARDEN,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by pro se Petitioner, Arafat Ahmed ("Ahmed"). Ahmed is an immigration detainee at the Winn Correctional Center ("WCC") in Winnfield, Louisiana. He seeks a release from custody due to chronic health conditions and the alleged deprivation of adequate medical care.

Because Ahmed do not establish his entitlement to release, the Petition should be DENIED and DISMISSED WITHOUT PREJUDICE.

I. Background

Ahmed is a native and citizen of Bangladesh. ECF No. 1 at 9. He has been detained at WCC since March 29, 2024. *Id.* He seeks a release from ICE custody due to several chronic medical conditions and an alleged lack of medical care. *Id.*

Ahmed alleges that he suffers from diabetes, obesity, hypertension, patent ductus arteriosus, asthma, heart disease, sleep apnea, tachycardia, history of acute

1

renal failure, hyperlipidemia, and mental health disorders. ECF No. 1 at 9. He complains that he is receiving inadequate and improper medical care. *Id.* at 10.

Ahmed also asserts that he was assaulted due to Defendants' negligence. He alleges that he was treated differently because of his race or religion, and that Defendants are not accommodating his religious dietary needs. ECF No. 1 at 6.

Ahmed was denied asylum and withholding of removal. He was ordered removed on January 31, 2024, and his appeal is pending. ECF No. 1 at 5. Ahmed was advised that he may seek release under 8 U.S.C. § 1182(d)(5)(A), which affords the Government discretion to release an alien. *Id.* Ahmed does not indicate whether he sought that relief.

II. <u>Law and Analysis</u>

Ahmed seeks release because he has been deprived of essential medical care, subjected to cruel and unusual punishment, was physically assaulted, and is being treated differently based on his race and religion. ECF No. 1 at 6.

A petitioner may seek habeas relief under § 2241 if he is "in custody in violation of the Constitution or laws or treaties of the United States." § 2241(c). Habeas is not available to review questions unrelated to the cause of detention. *See Rice v. Gonzalez*, 985 F.3d 1069, 1070 (5th Cir. 2021), *cert. denied*, 142 S.Ct. 216 (2021). Unconstitutional conditions of confinement—even conditions that create a risk of serious physical injury, illness, or death—do not warrant release. *See Cureno Hernandez v. Mora*, 467 F.Supp. 3d 454, 460 (N.D. Tex. 2020) (citing *Spencer v. Bragg*, 310 F. App'x 678, 679 (5th Cir. 2009) and *Carson v. Johnson*, 112 F.3d 818,

820–21 (5th Cir. 1997)); *see also Nogales v. Dep't of Homeland Sec.*, 524 F.Supp.3d 538, 543 (N.D. Tex. 2021), *aff'd*, 21-10236, 2022 WL 851738 (5th Cir. 2022). Nor do allegations of mistreatment that amount to cruel and unusual punishment nullify an otherwise lawful detention. *See id.* (citing *Cook v. Hanberry*, 596 F.2d 658, 660 (5th Cir. 1979)).

"[T]he proper remedy for unconstitutional conditions of confinement should be equitable—to enjoin the unlawful practices that make the conditions intolerable." *Id.* "A demand for release does not convert a conditions-of-confinement claim into a proper habeas request." *Id.* (citing *Springer v. Underwood*, No. 3:19-CV-1433, 2019 WL 3307220, at *2 (N.D. Tex. 2019), *report and recommendation adopted*, 2019 WL 3306130); *Vetcher v. Sessions*, 3:18-CV-1724, 2018 WL 4006813, at *2 (N.D. Tex. 2018) (a petitioner may not challenge the conditions of confinement through a habeas action) (citing *Ruiz v. Davis*, 850 F.3d 225, 229 (5th Cir. 2017)).[1]

Ahmed also asserts that he is entitled to a timely and meaningful opportunity to demonstrate that he should not be detained. ECF No. 10 at 6. Ahmed does not allege how he was denied this opportunity. He sought release under § 1236 and was advised to apply under § 1182(d)(5)(A). ECF No. 1 at 5. Ahmed has been afforded an opportunity to appeal the immigration judge's decision, and the appeal is pending.

---

[1] Ahmed filed another civil suit under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), challenging his conditions of confinement. That case is currently under preliminary review. *See Ahmed v. Warden, et al.,* 1:24-CV-1111 (W.D. La.).

3

*Id.;* https://acis.eoir.justice.gov/en/caseInformation. Ahmed does not identify any process to which he has been deprived.

### III. Conclusion

Because Ahmed cannot establish his entitlement to release at this time, IT IS RECOMMENDED that the Petition be DENIED AND DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Wednesday, September 25, 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE